Gregory J. Kudasz *pro per*
3611 Mount Holly Huntersville RD
STE 204 Box 386
Charlotte, NC 28216-8706
Telephone: (980) 522-8210
Fax: (866) 473-4583
E-Mail: greg@title11.org

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| State Farm Fire and Casualty Company ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 3:10-CV-00545-RJC -DCK |
| ) | |
| GREGORY J. KUDASZ ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR IN ALTERNATE MOTION FOR A MORE DEFINITE STATEMENT

Defendant GREGORY J. KUDASZ ("Kudasz") respectfully submits this memorandum in support of his motion, per Rule 12(b)(6) of the Federal Rules of Civil Procedure moves that this Court dismiss the Claim because it fails to state a claim upon which relief can be granted or in alternate order Plaintiff to provide a More Definite Statement under Rule 12(e) because the Claim is so vague or ambiguous that Defendant cannot reasonably prepare a response.

In support of his motion, Kudasz submits this Memorandum in Support of the Motion.

-1- State Farm vs. KUDASZ Case No: 3:10-CV-00545-RJC -DCK

Case 3:10-cv-00545-RJC -DCK   Document 6-1   Filed 12/27/10   Page 1 of 5

## ARGUMENT

Dismissal of a claim pursuant to a Rule 12(b)(6) motion is proper where, after assuming all factual allegations to be true, the pleading fails to set out sufficient facts for a court to find that each element of a cause of action is present. *See, e.g., Commodity Futures Trading Comm'n v. IBS, Inc.,* 113 F. Supp. 2d 830, 842 (W.D.N.C. 2000), *aff'd,* 276 F.3d 187 (4th Cir. 2002).

Nonetheless, a pleader must also "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty,* 490 F.3d 143, 157-58 (2d Cir. 2007) (*citing Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955 (2007))

This district among her sisters in North Carolina, has recognized *Twombly* and *Iqbal* in cases such as *Nixon v. Majors, Dist. Court,* WD North Carolina, Charlotte Div. 2008, *Parker v. Kraft Foods Global, Inc.,* Dist. Court, WD North Carolina, Charlotte Div. 2008, *IN RE CAREMERICA, INC.,* 409 BR 737 - Bankruptcy Court, ED North Carolina 2009.

## DEFECTS IN COMPLAINT

1) Plaintiff State Farm Fire and Casualty Company ("State Farm") claims that they do not owe a duty to Defendant based upon an outdated[1] Reservation of Rights letter that generally lists conditions State Farm made its reservations under.

2) The Complaint iterates a series of counter-claims allegedly from the underlying lawsuit.

3) There are no specific claims in the Complaint that outline why a particular clause in the contract would deny duty to defend or indemnify Defendant in the underlying complaint.

4) Defendant believes that this is insufficient pleading under *Twombly* and *Iqbal* as it is basically asking the Court to look for a needle in the proverbial haystack in order to find a

---

[1] The Reservation of Rights letter included with the complaint was superseded with a new version when State Farm hired council in the underlying suit and is therefore not controlling.

-2- State Farm vs. KUDASZ Case No: 3:10-CV-00545-RJC -DCK

reason to rule for the Plaintiff. However, it is not the Court's job to blindly look for reasons to support any one side in a contract dispute. Instead, Plaintiff has the burden of stating what their interpretation is and why. Otherwise, it is unfair to the Defendant who is left scratching his head unable to formulate a reasonable answer to the Complaint.

5) There is no actual case or controversy. The Federal Declaratory Judgment Act, 28 U.S.C. § *2201 et seq.* requires there to be an actual case or controversy. Plaintiff does not allege there is a disagreement between the parties. In fact, Defendant avers that he never requested State Farm to provide any specific coverage in this manner and has followed their lead from the beginning. Since State Farm has not put forth a reason to Defendant that is in disagreement, and because State Farm has not stated with any specifics what the conflicts may be, there can be no jurisdiction under the Act.

6) There are other defects in the Complaint that point to a shoddy filing. Defendant's name is misspelled in paragraph (3) which is remarkable considering the cut and paste ability of the ECF system. Defendant should have the right to have his name properly spelled before answering a complaint.

7) There is no statement of why venue and jurisdiction in this Court is appropriate. While Plaintiff may wish the Court and Defendant to make assumptions based upon the underlying case, or the fact that Plaintiff has asked the court to "take jurisdiction", Defendant objects to the lack of formal construction in the Complaint which denies him the ability to challenge facts because they are not included.

8) Because Plaintiff does not connect the dots between the accusations in the underlying case, and the parts of their outdated Reservation of Rights letter, the complaint is vague and ambiguous. This leaves Defendant insufficient details to form a proper response.

-3- State Farm vs. KUDASZ Case No: 3:10-CV-00545-RJC -DCK

Case 3:10-cv-00545-RJC -DCK   Document 6-1   Filed 12/27/10   Page 3 of 5

For the reasons set above, Plaintiff respectfully requests that the Court grant the **MOTION TO DISMISS OR IN ALTERNATE MOTION FOR A MORE DEFINITE STATEMENT.**

December 24, 2010

Respectfully Submitted,

*[signature: Gregory J. Kudasz]*

Gregory J. Kudasz, appearing pro se
3611 Mount Holly Huntersville RD
STE 204 Box 386
Charlotte, NC 28216-8706
Telephone: (980) 522-8210
Fax: (866) 473-4583
E-Mail: greg@title11.org

-4- State Farm vs. KUDASZ Case No: 3:10-CV-00545-RJC -DCK

Case 3:10-cv-00545-RJC -DCK   Document 6-1   Filed 12/27/10   Page 4 of 5

## CERTIFICATE OF SERVICE

I, Gregory J. Kudasz, hereby certify that I have this day filed the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR IN ALTERNATE MOTION FOR A MORE DEFINITE STATEMENT** with the Clerk of Court at the Federal Courthouse in Charlotte N.C. which will cause a notification of the filing through the CM/ECF system to the following:

*Attorney for Plaintiff*

Elizabeth A. Sprenger
N.C. State Bar No. 28072
Golding Holden & Pope, L.L.P.
3325 Springbank Lane, Suite 304
Charlotte, NC 28226
Telephone 704-374-1600
Facsimile 704-759-8966
Email: bsprenger@ghplaw.net

Dated this the 24th day of December, 2010.

*/s/ Gregory J. Kudasz*

Gregory J. Kudasz, Defendant appearing pro se
3611 Mount Holly Huntersville RD
STE 204 Box 386
Charlotte, NC 28216-8706
Telephone: (980) 522-8210
Fax: (866) 473-4583
E-Mail: greg@title11.org

-5- State Farm vs. KUDASZ Case No: 3:10-CV-00545-RJC -DCK

Case 3:10-cv-00545-RJC -DCK   Document 6-1   Filed 12/27/10   Page 5 of 5