IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
FILE NO. 3:10-CV-545

STATE FARM FIRE AND CASUALTY )
COMPANY, )
 )
   Plaintiff, )
 ) RESPONSE TO DEFENDANT'S MOTION TO
v. ) DISMISS OR IN THE ALTERNATIVE MOTION FOR
 ) A MORE DEFINITE STATEMENT
GREGORY KUDASZ, )
 )
   Defendant. )

NOW COMES PLAINTIFF, by and through Counsel, and hereby responds to Defendant's Motion to Dismiss or in the Alternative Motion for a More Definite Statement as follows:

Plaintiff's Complaint does in fact state a claim upon which relief can be granted. 28 U.S.C. § 2201(a) provides as follows:

> In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). As Plaintiff's Complaint sets forth, Defendant and Manatron, Inc. are currently involved in a civil action entitled *Gregory J. Kudasz v. Manatron, Inc., Gregory A. Effrein, Does (sic) 1-30, inclusive,*" 3:10 CV 106, filed in the United States District Court, Western District of North Carolina, wherein Manatron filed certain counterclaims against Defendant, claiming libel *per se*, in the alternative, libel *per quod*, breach of contract, unfair and

1

deceptive trade practices under N.C.G.S. § 75-1.1, punitive damages under N.C.G.S. § 1D-15 and injunctive relief. Plaintiff had in force and effect a policy of insurance which Plaintiff contends does not provide coverage for these counterclaims, and therefore, there is no duty on the part of Plaintiff to provide indemnity or a defense as to those counterclaims. In its Complaint, Plaintiff identified the exact counterclaims which it averred and contended were not covered, and further provided that the policy in question, which was attached to Plaintiff's Complaint, precluded coverage. While more detail could have been provided (as is almost always the case), Plaintiffs contend that the threshold as set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atl. Corp. v. Twombly*, 450 U.S. 554 (2007) have been met, is that a sufficient factual basis has been set forth by Plaintiff upon which Defendant could answer and that this matter should be permitted to proceed without a more definite statement. As stated in *Twombly*,

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan* v. *American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (CA7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan* v. *Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"),[3] on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, *e.g.*, *Swierkiewicz* v. *Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Neitzke* v. *Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer* v. *Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Twombly*, 450 U.S at 555-556. By setting forth the exact claims that Plaintiff averred and contended were not covered, and citing the policy and providing a copy of the policy to support its contentions, Plaintiff has met the standard of *Twombly*. Plaintiff's Complaint is not a mere recitation of the elements of a Federal Declaratory Judgment act. Rather, Plaintiff's Complaint contains sufficient factual matter, if accepted as true, which states a claim of relief that is plausible on its face, *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted), and has nudged its claim for declaratory judgment across the line from conceivable to plausible. *Id.* at 1950-1951. There is an underlying federal lawsuit within this jurisdiction which sets forth several specific counterclaims, there is a policy of personal umbrella liability insurance in force and effect as issued to Defendant, Plaintiff has a question as to whether it is required to indemnify Defendant as to those counterclaims and whether it is obligated to provide a defense to Defendant with respect to those counterclaims and is seeking declaratory relief from this court. To the extent Defendant seeks additional information related to the nature of Plaintiff's Complaint, the discovery process is the appropriate venue to ascertain said information.

There is no law to support that the reservation of rights letter sent by Plaintiff on May 19, 2010, is not applicable or insufficient. This letter, attached as Exhibit B to Plaintiff's Complaint, sets forth that Plaintiff has a question as to whether it is obligated to defend or indemnify him, sets forth the three portions of the policy whereby Plaintiff has questions regarding coverage, and further advises that Plaintiff does not have coverage for punitive damages under the policy and suggests he retain his own counsel. This letter is sufficient to place Defendant on notice that there are considerable coverage issues related to these claims. To the extend a second reservations of rights letter was sent to Defendant, there is no law on point which supports

Defendant's contention that it in any way voids the original letter, unless it provides that coverage is being provided for claims previously advised that would not be covered.

There is an actual case and/or controversy, and there is also an appropriate statement of venue and jurisdiction in Plaintiff's Complaint. As set forth in Paragraphs 3 and 4 of Plaintiff's Complaint, there is an underlying lawsuit currently pending in the United States District Court, Western District of North Carolina, entitled *Gregory J. Kudasz v. Manatron, Inc., Gregory A. Effrein, Does (sic) 1-30, inclusive,*" 3:10 CV 106. This constitutes an actual case or controversy within the jurisdiction of this court under 28 U.S.C. § 2201(a), and therefore venue is proper. Under 28 U.S.C. § 2201(a), Plaintiff is not obligated to show that there is a disagreement between the parties, but rather demonstrate that an interested party is seeking a declaration of its rights as it relates to the underlying matter. 28 U.S.C. § 2201(a). Plaintiff has set forth sufficient allegations within Plaintiff's Complaint to allege that it is an interested party seeking a declaration of its rights and obligations in that underlying matter. Paragraph 5 of Plaintiff's Complaint advises of the existence of a Personal Umbrella Liability Policy issued by Plaintiff to Defendant. Paragraph 6 of Plaintiff's Complaint advises that a defense to the underlying action is currently being provided under a reservation of rights. Paragraph 7 of Plaintiff's Complaint specifically provides that a declaration of rights pursuant to 28 U.S.C. § 2201 is being sought. Paragraph 8 of Plaintiff's Complaint advises that a controversy exists between the parties as to the extent of rights and liabilities owed by each of the parties. Paragraph 9 of Plaintiff's Complaint provides that Plaintiff contends that it owes neither a duty to indemnify or defend Defendant in the underlying action under the terms of the Policy. Plaintiff's Complaint sufficiently alleges that Plaintiff is an interested party in the underlying action and that it is

seeking a declaration of its rights and obligations in that underlying matter. 28 U.S.C. § 2201(a). These are sufficient to allege venue and jurisdiction, too.

Plaintiff notes that perhaps Defendant, as a *pro se* party, does not fully understand the nature of a declaratory judgment action. In Paragraph 5 of his Motion, Defendant avers "that he never requested State Farm to provide any specific coverage in this matter and has followed their lead from the beginning. Since State Farm has not put forth a reason to Defendant that is in disagreement, and because State Farm has not stated with any specifics what the conflicts may be, there can be no jurisdiction under the act." Defendant does not appear to understand the requirements of insurance carriers in North Carolina, that a duty to defend is broader then the duty to indemnify, and that a declaratory judgment from the court is the common resolution to coverage disputes so as to avoid claims against the insurance carriers for failure to defend. In fact, in its Complaint, Plaintiff has set forth a dispute between the parties, namely that Plaintiff does not believe it owes a duty to indemnify or to defend to Defendant in the underlying action.

To respond to Defendant's allegation that Plaintiff's Complaint is a shoddy filing, Plaintiff would refer to the argument above. As it relates to the typographical error in the spelling of Defendant's name in the underlying action, Plaintiff would respectfully request the Court's leave to correct the scribner's error and to correct Paragraph 3 to reflect that the underlying action should be entitled *Gregory J. Kudasz v. Manatron, Inc., Gregory A. Effrein, Does (sic) 1-30, inclusive,*" 3:10 CV 106, not *Gregory K. Kudasz v. Manatron, Inc., Gregory A. Effrein, Does (sic) 1-30, inclusive,*" 3:10 CV 106 (underlining reflects the scribner's error).

Plaintiff's Complaint is not vague and ambiguous. Its brevity, in fact, reflects that the matter before this Court is concise, a narrow and succinct issue to which it seeks resolution. Plaintiff's Complaint appropriately requests declaratory judgment as to whether it owes a duty to

indemnify or defend Defendant in the underlying action, and that amounts to a controversy under 28 U.S.C. § 2201(a). Defendant was not without appropriate allegations and information to answer Plaintiff's Complaint, and Plaintiff's Complaint has met the standards of *Twombly* and *Iqbal*, which require sufficient factual matter, if accepted as true, to states a claim of relief that is plausible on its face and which nudge the claim for declaratory judgment across the line from conceivable to plausible.

For the reasons above, Plaintiff respectfully requests that Defendant's Motion to Dismiss or Motion for a More Definite Statement be denied.

This 28th day of December, 2010.

/s/ Elizabeth A. Sprenger
Elizabeth A. Sprenger
N.C. State Bar No. 28072
Golding Holden & Pope, L.L.P.
3325 Springbank Lane, Suite 304
Charlotte, NC 28226
Telephone 704-374-1600
Facsimile 704-759-8966
Email: bsprenger@ghplaw.net

*Attorney for Plaintiff*
State Farm Fire and Casualty Company

## CERTIFICATE OF SERVICE

This is to certify that on the date indicated below a copy of the foregoing was electronically filed with the Court using the CM/ECF system, which will send notification of such filing to the following *pro se* party of record:

Mr. Gregory Kudasz
3611 Mount Holly Huntersville Rd.
Suite 204 Box 386
Charlotte, NC 28216
greg@title11.org
*Pro Se Defendant*

This the 28th day of December, 2010.

/s/ Elizabeth A. Sprenger
Elizabeth A. Sprenger
N.C. State Bar No. 28072
Golding Holden & Pope, L.L.P.
3325 Springbank Lane, Suite 304
Charlotte, NC 28226
Telephone 704-374-1600
Facsimile 704-759-8966
Email: bsprenger@ghplaw.net