# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10-CV-545-RJC-DCK

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **MEMORANDUM AND**<br>) **RECOMMENDATION** |
| GREGORY J. KUDASZ, | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss Or In Alternative Motion For A More Definite Statement" (Document No. 6). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be denied.

## I. BACKGROUND

Plaintiff State Farm Fire And Casualty Company ("Plaintiff") filed its "Complaint For Declaratory Judgment" (Document No. 1) on October 29, 2010. The "Complaint For Declaratory Judgment" ("Complaint"), filed pursuant to 28 U.S.C. § 2201, seeks a ruling from the Court regarding: (1) whether Plaintiff is required to indemnify Defendant Gregory J. Kudasz ("Defendant") for any of the allegations set forth in the counterclaim by Manatron, Inc. in Civil Action 3:10-cv-106-RLV-DSC ("related W.D.N.C. action"); and (2) whether Plaintiff is required to provide a defense to Defendant for any of the allegations set forth in the counterclaim by Manatron, Inc. in the related W.D.N.C. action. (Document No. 1, p.2).

The Complaint contends that Plaintiff has provided a defense in the related W.D.N.C. action,

under a reservation of rights attached to the Complaint. Id. In addition to reserving the "right to deny defense or indemnify," the attached letter to Defendant states that Plaintiff "will be able to inform you as to whether there was any coverage afforded for a defense and/or indemnification by May 26, 2010." (Document No. 1-2). Neither the Complaint, nor the subsequent briefs, describe what, if any, information has been provided to Defendant regarding his Personal Liability Umbrella Policy's coverage, since Plaintiff's letter dated May 19, 2010.

The Complaint also attaches Plaintiff State Farm's Personal Liability Umbrella Policy (Document No. 1-1) and alleges that it "does not provide coverage for Mr. Kudasz for the counterclaims as set forth by Manatron, Inc., and therefore State Farm does not owe Mr. Kudasz a duty to indemnify or defend this action." (Document No. 1, p.2). Plaintiff does not state what provision(s) of the policy it relies on as the basis for its position.

In response to the Complaint, Defendant filed the pending "Motion To Dismiss Or In Alternative Motion For A More Definite Statement" (Document No. 6) on December 27, 2010. Defendant's motion contends that pursuant to Fed.R.Civ.P. 12(b)(6), the Complaint fails to state a claim upon which relief can be granted, or in the alternative, is so vague or ambiguous that a more definite statement pursuant to Fed.R.Civ.P. 12(e) is appropriate. (Document No. 6, p.1). Plaintiff's "Response To Defendant's Motion To Dismiss Or In The Alternative Motion For A More Definite Statement" (Document No. 7) was filed December 28, 2010. In short, Plaintiff's response argues that its request for declaratory judgment is appropriate to determine its duties and that it states a plausible claim. (Document No. 7, pp.5-6). Defendant has not filed a reply brief in support of his motion, and the time to do so has lapsed.[1] As such, the pending motion is now ripe for review and

---

[1] "The filing of a reply brief is not mandatory. . . . If the party making the motion does not wish to file a reply brief, it must so inform the Court and opposing counsel promptly, in an electronically filed

a recommendation.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570; see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual

---

notice." Local Rule 7.1(E).

3

allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III.  DISCUSSION

Viewing the Complaint in the light most favorable to Plaintiff, the undersigned finds that Plaintiff has sufficiently stated a claim and the grounds upon which it rests. Although more specificity might have aided the Complaint's clarity, more specific allegations are not required at this stage of the litigation, and Plaintiff has adequately stated a claim that is at least facially plausible.

Although neither party has presented any case law in support of its argument, it appears that relevant case law favors Plaintiff's position that a complaint for declaratory judgment is appropriate to determine an insurer's duties to its insured. For example, the District Court of South Carolina recently opined:

> Declaratory judgments are routinely sought to decide questions of coverage as between insurers and insureds – therefore, there certainly exists a justiciable controversy as between State Farm and [Defendant]. . . . In Nautilus, the Fourth Circuit Court of Appeals concluded as follows:
>> A dispute between a liability insurer, its insured, and a third party with a tort claim against the insured over the extent of the insurer's responsibility for that claim is an "actual controversy" ... even though the tort claimant has not yet reduced his claim against the insured to judgment.

State Farm and Cas. Co. v. Singleton, 2009 WL 3615071 at *3 (D.S.C. Oct. 28, 2009) (quoting Nautilus Insurance Co. v. Winchester Homes, Inc., 15 F.3d 371 (4th Cir. 1994)).

Defendant contends in his motion that the Complaint is defective in part because there "are no specific claims in the Complaint that outline why a particular clause in the contract would deny

4

duty to defend or indemnify Defendant." (Document No. 6-1, p.2). Defendant also contends that there is no actual case or controversy because Plaintiff has not alleged there is any disagreement between the parties. (Document No. 6-1, p.3). "Defendant avers that he never requested State Farm to provide any specific coverage in this manner and has followed their lead from the beginning." Id.

Defendant's motion seems to suggest that he has never demanded that Plaintiff provide a defense or indemnification, and therefore, that he contends that there is no dispute between the parties. If Defendant does not disagree with Plaintiff's position regarding the coverage, or the lack thereof, provided by the underlying insurance policy, the undersigned respectfully observes that the parties may be able to resolve this case without further Court intervention.

## IV. RECOMMENDATION

**BASED ON THE FOREGOING**, the undersigned respectfully recommends that Defendant's "Motion To Dismiss Or In Alternative Motion For A More Definite Statement" (Document No. 6) be **DENIED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page

5

v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for Plaintiff, *pro se* Defendant, and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: March 1, 2011

David C. Keesler
United States Magistrate Judge